## Nicholas Woodbury *versus* The Inhabitants of Hamilton.

A town which acts also as a parish, may raise money to repair a meetinghouse as a compensation for the use of it for municipal purposes, or to pay a sexton for ringing the bell for town meetings, but such design should appear in the vote ; for *primâ facie*, money to repair a meetinghouse, or for the pay of a sexton, is for parochial and not municipal purposes, and cannot be assessed on such inhabitants as are not members of the parish.

Trover for certain articles of personal property distrained by the collector of taxes for the town of Hamilton, and sold for the payment of taxes assessed upon the plaintiff for the year 1826.

Upon a case stated it appeared, that the inhabitants of that part of the town of Ipswich called Ipswich Hamlet, were incorporated as a parish about the year 1714. In 1762 they built a meetinghouse, which was used for parish purposes only, until June 21, 1793, when the lands and inhabitants of the parish, with certain other lands and inhabitants, were incorporated into a town by the name of Hamilton. Ever since that time the meetinghouse has been used on Sundays, and at other times, by the parish or congregational society in Hamilton, and the meetings of the inhabitants of the town for municipal purposes have been held therein during the same period. The town is a territorial parish. There are no separate parish officers, but the assessments for the support of the minister are made by the town assessors. The parish concerns have at all times, since the town was incorporated, been transacted in town meetings.

At a meeting of the inhabitants, March 12, 1826, it was voted to raise 1000 dollars to defray the expenses of the town for that year, and 300 dollars for the schools ; and at an adjournment of the same meeting it was voted to raise 100 dollars in addition, for repairing the meetinghouse.

This sum of 100 dollars was applied by the selectmen conformably to the vote. The sum of 12 dollars was paid to the sexton for the year 1826, pursuant to a contract with the selectmen, according to the usage of the town. The sexton

9 *

Woodbury
v.
Hamilton.

takes care of the meetinghouse, and rings the bell for public worship and for town meetings.

In the tax assessed against the plaintiff for the year 1826, was included his proportional part of the two sums last mentioned. The plaintiff, at the time of the assessment of the tax, was not, nor for seven years preceding had been, a member of the congregational society in Hamilton.

*Huntington*, for the plaintiff.

*Saltonstall*, for the defendants.

*April term 1828.*

PARKER C. J. It does not seem necessary to determine in order to settle this case, whether the parish of Ipswich Hamlet continues in existence notwithstanding the incorporation of the inhabitants of the same territory, with others, into a town. If the parish exists it does not seem to have acted independently of the town ; on the contrary, all the parochial affairs have been conducted under the form of town meetings. The question essentially is, whether the money for which the tax was assessed was raised for town purposes, or for purposes connected with the support of public worship. If the former, the tax is legally assessed ; if the latter, as the plaintiff had ceased to be a member of the parish, or of the town for pa rochial purposes, he was not liable to be assessed. *Primâ facie*, money raised to repair a meetinghouse or for the pay of a sexton, is for parochial and not for municipal purposes, for the former is not town property in a municipal sense, and the latter is not a town officer. Without doubt a town which uses a meetinghouse for its public purposes, other than religious worship, may agree to pay for this use, and if they employ a sexton to ring the bell on secular occasions, they may undertake to pay him, and money voted for these purposes may legally be assessed ; for as they may lawfully build a house for such purposes, so they may hire one ; and they may as well pay a sexton for ringing the bell for them, as any other person. But in order to justify a tax for such purposes on such inhabitants as are disconnected from them in parochial affairs, the record of the vote should show that such were the purpose and object of raising the money. We presume the vote on which this tax was assessed, does not express that it was to compensate for the use of the meetinghouse and the employ-

103

ment of the sexton for municipal purposes ; and if it be so, we think it clear that the tax was illegal, so far as it relates to the plaintiff, as much as would be a tax for the minister's salary. If, however, the purpose of raising this money was to pay for the use of the meetinghouse and the service of the sexton for municipal purposes, and such appears on the records, of which we have no copy, the plaintiff has been legally assessed and his property rightfully distrained.

This case must stand or fall by that distinction. If a bet ter case cannot be made for the defendants, they must be defaulted ; if it can, they must have a new trial, or agree on a new state of facts.